IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02380-LTB

JAMEL A. SUBOH,

    Plaintiff,

v.

DENVER HEALTH HOSPITAL,
CITY AND COUNTY OF DENVER,

    Defendants.

## SECOND ORDER TO AMEND

Plaintiff, Jamel A. Suboh, was incarcerated at the Denver County Jail when he initiated this action on October 27, 2015 by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).  He is currently incarcerated at the Jefferson County Detention Facility.  Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

On November 23, 2015, Magistrate Judge Gordon P. Gallagher reviewed the submitted documents and determined they were deficient.  Magistrate Judge Gallagher ordered Plaintiff to file an amended complaint that properly asserted a § 1983 claim against proper Defendants. (ECF No. 5).  On December 2, 2015, Plaintiff filed an Amended Prisoner Complaint. (ECF No. 6).

The Court must construe the Amended Prisoner Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Court will order Plaintiff to file a Second Amended Prisoner Complaint.

### I. Plaintiff's Allegations

Plaintiff's Amended Prisoner Complaint, similar to his previous Prisoner Complaint, is not a model of clarity. He asserts the following claims: (1) "Deliberate Medical Neglect;" (2) "Deprived of Civil Rights;" and (3) "Deliberate Indifference."

According to Plaintiff, while he was incarcerated at the Denver County Jail, he complained of wax buildup in his ear and requested a Q-tip. A nurse advised him to use hot shower water to rinse the wax out of his ear. The next day, Plaintiff developed an ear infection. He requested to be treated with anti-biotic ear drops. Nurse Mellissa confirmed his ear infection but told him, "we don't do drops." Instead, she prescribed Plaintiff oral antibiotics.

After beginning the antibiotics, Plaintiff was temporarily transferred to the Jefferson Sheriff Department in Golden, Colorado. The Denver County Jail nursing staff assured Plaintiff that his antibiotic medication would be transferred with him so that he would not miss any doses. When he arrived at the Jefferson Sherriff Department, he was told that there was no record of any medications. Eventually, the Jefferson Sheriff Department prescribed Plaintiff the same oral antibiotic medicine for the last two of his six days at that facility.

When he returned to the Denver County Jail, the jail had cancelled his medications because he was gone for six days. According to Plaintiff, he requested to see a nurse again because his ear infection was worsening, with a thick yellow puss drainage. Nurse Pam told Plaintiff that the original medication prescribed was not the

right kind of antibiotic. She verified this information with Dr. Stobb. Plaintiff alleges there was a long delay in him being scheduled to see a doctor (instead of a nurse) about his ear. When he did finally see the doctor, the doctor asked how his penis was. Evidently one of the nurses had written on his medical chart that he was suffering from pain in his penis, instead of his ear, because the nurse thought it would be funny.

On September 26, 2015, Plaintiff was at court, when he lost his balance due to equilibrium issues caused by his ear infection. He stood up, lost his balance, and fell over backwards, injuring his tailbone, ribs, and shoulder. After returning to the jail, he was seen by Nurse Sophea, who said she would call Dr. Stobb. Soon after Plaintiff was sent back to his unit, he was called back out and taken to the emergency room at Denver Health.

The first doctor at Denver Health told Plaintiff that the Denver Jail nursing staff had been giving Plaintiff the wrong type of antibiotics. The next doctor ordered a cat-scan, which revealed that the infection had spread to the bone behind Plaintiff's ear. Plaintiff was admitted to the hospital and given IV antibiotics. He was sent back to jail after two days. He was sent back to jail with his IV feed because he was told he would continue IV antibiotics at jail. His Amended Prisoner Complaint does not indicate whether he actually received IV antibiotics in jail or not.

On October 20, 2015, a nurse doing her rounds asked Plaintiff why he had not been taking his noon medication. Plaintiff learned that he had missed doses of antibiotics for twelve days because no one in the medical department notified him of his need to take a noon dose of medication.

On October 27, 2015, Plaintiff was diagnosed with MRSA. Additionally, on that day, Dr. Man ordered a hearing test, which showed that Plaintiff's hearing had deteriorated. Despite his MRSA diagnosis, Plaintiff was sent back to the general jail population and the jail unit was never properly disinfected. Three inmates (it is not clear if this includes Plaintiff or is in addition to Plaintiff) have been diagnosed with MRSA on his jail unit between July 2015 and now.

Plaintiff alleges that blood and puss was draining from his ear and his infection continued for three months even after being prescribed multiple antibiotics. He states that he has continually demanded to see Dr. Gregory Hogle at Rose Medical Center to undergo necessary surgery.

The Court will liberally construe Plaintiff's complaint as alleging denial of adequate medical treatment pursuant to § 1983.

## II. Liability under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege:  1) that the misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).

In Magistrate Judge Gallagher's November 23 Order, he informed Plaintiff that a local government entity, such as the City and County of Denver, is not liable under § 1983 solely because its employees inflict injury on a plaintiff. See *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*,

997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a city and county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Further, Magistrate Judge Gallagher also informed Plaintiff that because Defendant Denver Health Hospital is an entity contracted with the City and County of Denver to provide health care for inmates, it is also governed by the *Monell* standard. Denver Health Hospital may be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 only if those actions were taken pursuant to an official policy or custom. *See Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003); *see also Villalpando v. Denver Health and Hospital Authority*, 65 Fed. App'x 683 (10th Cir. 2003). Therefore, "a private actor cannot be held liable solely because it employs a tortfeasor - or, in other words, . . . cannot be held liable under § 1983 on a respondeat superior theory." *Id.* (citing *Monell*, 436 U.S. at 691 (emphasis in original)).

Despite receiving this information in Magistrate Judge Gallagher's November 23 Order, Plaintiff's Amended Prisoner Complaint fails to allege any official policy or custom by Denver Health Hospital or the City and County of Denver. Plaintiff will be given one last opportunity to amend his complaint and assert claims against proper defendants.

If he wishes to bring his claims against the Denver Health Hospital and/or the City and County of Denver, he must allege an official policy or custom that is responsible for the constitutional violation.  On the other hand, he may also bring a § 1983 action against individual state actors who were acting under the color of state law when they violated his constitutional rights.  If he brings claims against individuals, he must demonstrate how each named Defendant personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Therefore, Plaintiff will be ordered to file an amended complaint.  Plaintiff should clearly identify the Defendants and the § 1983 claims asserted, and name as Defendants only those persons he contends actually violated his federal constitutional rights.  Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the merits of the original Complaint and the action may be dismissed without further notice.

DATED December 21, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge