IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02380-LTB

JAMEL A. SUBOH,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,
CITY AND COUNTY OF DENVER,
STOBB, MD,
MANN, ENT, MD,
PETER CRUM, MD,
UNNAMED DEFENDANTS YET TO BE DETERMINED,

    Defendants.

## ORDER TO DISMISS

    Plaintiff, Jamel A. Suboh, was incarcerated at the Denver County Jail when he initiated this action on October 27, 2015 by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).  He is currently residing in Denver, Colorado.  Plaintiff has been granted leave to proceed *in forma pauperis.* (ECF No. 4).

    On November 23, 2015, Magistrate Judge Gordon P. Gallagher reviewed the submitted documents and determined they were deficient.  Magistrate Judge Gallagher ordered Plaintiff to file an amended complaint that properly asserted a § 1983 claim against proper Defendants. (ECF No. 5).

    On December 2, 2015, Plaintiff filed an Amended Prisoner Complaint. (ECF No. 6).  Magistrate Judge Gallagher reviewed the Amended Prisoner Complaint and again

determined it was deficient. He ordered Plaintiff to file a Second Amended Prisoner Complaint. (ECF No. 8). Specifically, Plaintiff was directed that if he wished to pursue a claim against the City and County of Denver or the Denver Health Hospital, which is an entity contracted with the City and County of Denver to provide health care for inmates, his Second Amended Complaint must demonstrate that a policy or custom existed in the City and County of Denver and that there was a direct causal link between the policy or custom and the injury alleged. (ECF No. 8 at 4-5 (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

In response to the Court's Order, Plaintiff filed a Second Amended Complaint on February 12, 2016. (ECF No. 12). Magistrate Judge Gallagher reviewed the Second Amended Prisoner Complaint and again determined it was deficient because parts of it were impossible to decipher. In the handwritten sections for "Nature of the Case," "Claim One," and "Claim Two," it appears that Mr. Suboh attempted to erase something and then write over it. However, the court was unable to read most of what was written. On March 2, 2016, Magistrate Judge Gallagher issued a Third Order to Amend (ECF No. 14) and directed Plaintiff to file a Third Amended Complaint that was legible and conforms to D.C.COLO.LCIVR 10.1(e) and (g) and that additionally complied with the directives in the Court's November 23, 2015 and December 21, 2015 Orders. Plaintiff was warned that if he failed to file a Third Amended Complaint within the time allowed, the action may be dismissed without further notice.

On March 8, 2016, Plaintiff informed the Court of his change of address (ECF No. 15). On March 10, 2016, the Clerk of Court mailed the March 2, 2016 Third Order

to Amend to Plaintiff's new address (ECF No. 16).  However, it was returned to the Court as undeliverable at his new address. (ECF No. 18).

Plaintiff has not filed any additional notice of change of address with the Court as required by D.C.COLO.LCivR 5.1(c).  Further, he has not communicated with the Court since he filed his March 8, 2016 change of address.  The time for filing his Third Amended Complaint has passed.  Therefore, this action will be dismissed for failure to prosecute and comply with local court rules.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Second Amended Complaint (ECF No. 12) and this action are DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and comply with local rules of this Court.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of   April  , 2016.

                                  BY THE COURT:

                                   s/Lewis T. Babcock
                                  LEWIS T. BABCOCK, Senior Judge
                                  United States District Court